# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NEW CINGULAR WIRELESS PCS, LLC,

     Plaintiff,

vs.                                                                                          No. 1:13-CV-01056-JAP-SMV

COUNTY OF BERNALILLO,
NEW MEXICO,

     Defendant.

## MEMORANDUM OPINION AND ORDER

On October 28, 2013, Plaintiff New Cingular Wireless PCS, LLC ("Plaintiff") sued

Defendant County of Bernalillo ("Defendant") for denying its application for a special use

permit to construct a wireless telecommunications facility in the East Mountains area of

Bernalillo County. *See* Complaint (Doc. No. 1). Plaintiff brought claims under 47 U.S.C. § 332

and supplemental claims for judicial review of an adverse administrative decision under New

Mexico law. [1]

Under New Mexico law, "[a] person aggrieved by a decision of the zoning authority or

any officer, department, board or bureau of the zoning authority may appeal the decision" to

New Mexico State district court. N.M. STAT. ANN. § 3-21-9 (West 2013) (citing N.M. STAT.

ANN. § 39-3-1.1 (West 2013)). Under Rule 1-074 NMRA, the person aggrieved by an

administrative decision may file a notice of appeal. Once the notice of appeal is filed, the

responding party is required to file an administrative record. This record forms the basis of the

court's review of the administrative decision.

---

[1] Plaintiff incorrectly styles its state law claim as arising under Rule 1-074 NMRA. That rule explicitly provides that it "does not create a right to appeal." Rule 1-074(A) NMRA. A statutory right of review is a necessary prerequisite; Rule 1-074 merely governs the way that review is to be conducted. *Id.*

The record may be supplemented by either party if the initial failure to include was caused by "error or accident." Rule 1-074(I) NMRA. Once the administrative record has been filed, the appealing party files a "statement of issues" that sets out legal arguments for overturning the administrative decision. Rule 1-074(J)–(K) NMRA.

On September 16, 2014, Defendant filed the administrative record. *See* Doc. No. 35. On October 16, Plaintiff filed BRIEF PLAINTIFF'S STATEMENT OF ISSUES (NMRA 1-074) ("Statement of Issues") (Doc. No. 43). On the same day, Defendant, in a MOTION TO SUPPLEMENT THE RECORD ON APPEAL ("Motion to Supplement") (Doc. No. 49), asked the Court to supplement the administrative record with a transcript of the appeal hearing before the Bernalillo County Commission that Defendant had omitted from the record filed on September 16, 2014. On October 31, 2014, Plaintiff filed PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SUPPLEMENT RECORD ("Response") (Doc. No. 51). On November 14, 2014, Defendant filed DEFENDANT'S REPLY IN SUPPORT OF MOTION TO SUPPLEMENT RECORD ON APPEAL ("Reply") (Doc. No. 54).

Defendant argues that supplementation is proper under Rule 1-074(I) NMRA, which allows a reviewing court to supplement the record with information that was omitted by "error or accident[.]" Plaintiff retorts that Defendant's mistaken omission of the transcript can be analogized to a failure to disclose information Defendant may use in support its claims or defenses under FED. R. CIV. P. 26(a), and therefore the Defendant should be required to show that the omission was substantially justified or harmless as required by FED. R. CIV. P. 37(c). Plaintiff asserts that Defendant's conduct was more than negligent in omitting the transcript because the transcript contains evidence favorable to Plaintiff's claims and because Defendant was "on notice—from both NMRA 1-074 and federal law—that the 'record' in this case should

include transcripts and should include all the materials necessary to show an explanation of the

reasons for denial of the application." Response at 5. Plaintiff further contends that introducing

the late-produced transcript unfairly prejudices its case because Plaintiff has already filed a

Statement of Issues, which includes an argument that the lack of a transcript of the County

Commission hearing meant that the Commission's decision was not supported by any evidence

in the record. *See* Statement of Issues at 16–17.

## DISCUSSION

FED. R. CIV. P. 26(a)(1)(ii) requires each party to "provide to the other parties…all

documents, electronically stored information, and tangible things that the disclosing party has in

its possession, custody, or control and may use to support its claims or defenses[.]" Failure to do

so triggers FED. R. CIV. P. 37(c). Under Rule 37(c), "[i]f a party fails to provide information…as

required by Rule 26(a)…, the party is not allowed to use that information…to supply evidence

on a motion…unless the failure was substantially justified or is harmless."

Under Rule 1-074(I) NMRA, any party may supplement the record with "anything

material to either party" omitted by "error or accident[.]" Rule 1-074 and Rule 37(c) conflict.

Under Rule 1-074, a court may supplement the record, even when supplementation is neither

justified nor harmless, so long as the supplemental information was omitted by error or accident.

Rule 37, however, *requires* the exclusion of evidence that was covered by Rule 26(a)'s

disclosure provisions. *See* FED. R. CIV. P. 37(c)(1) ("If a party fails to provide information…as

required by Rule 26(a)…the party is *not allowed to use that information*[.]" (emphasis added)).

"[I]t is wholly settled that discovery in a federal court is governed only by the [Federal

Rules of Civil Procedure] and that state discovery practices are irrelevant." 8 WRIGHT AND

MILLER, FEDERAL PRACTICE AND PROCEDURE § 2005 (3d ed. 2010). Although it is clear that

3

Rule 1-074 NMRA has no application to the rules of discovery in Federal court as a general matter, that does not mean it is inapplicable to the present case. In this case, the parties stipulated that Rule 1-074 controls the disposition of this case. *See* JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN, Doc. No. 10 at 2. Under the Federal Rules of Civil Procedure, parties may stipulate that "procedures governing or limiting discovery be modified[.]" FED. R. CIV. P. 29(b). Therefore, Rule 1-074 NMRA governs Defendant's Motion to Supplement, despite its apparent conflict with FED. R. CIV. P. 37(c).

Defendant claims its omission of the transcript of the County Commission meeting from the record was the result of mistake or error. Defendant explains that this mistake or error occurred because AT&T was pursuing two separate applications for permission to construct wireless facilities at the same time before the same administrative body. Reply at 3. Defendant argues that the simultaneous filing of the two applications and "the fact that the case numbers assigned to these projects were identical save only for the trailing number" caused "confusion at all stages of the proceedings[.]" *Id.* Defendant also points out that Plaintiff did not tell Defendant about the missing transcript until after Plaintiff filed the Statement of Issues.

Plaintiff responds that the transcript was "deliberately omitted[] because it contains material damaging to the County's position." Response at 8. Plaintiff contends that supplementation would be unfairly prejudicial because it has already briefed its Statement of Issues. Plaintiff also argues that supplementation at this late stage would violate 47 U.S.C. § 332(c)(7)(B)(v), which requires a reviewing court to evaluate on an "expedited basis" any challenge to a denial of an application to construct a telecommunications facility.

Applying Rule 1-074(I) NMRA to this case, the Court finds that Defendant has met its burden of showing that the transcript was omitted by mistake or error. As Defendant has pointed

out, a video of the proceeding at issue has long been available on the County Commission's

website. *See* Doc. No. 48-1; *see also* http://bernalillocountynm.iqm2.com/Citizens/

Detail_Meeting.aspx?ID=1173. The availability of a video recording undercuts Plaintiff's

contention that the omission was somehow intentional.

The Court also rejects Plaintiff's contention that supplementation would be prejudicial.

Plaintiff is essentially arguing that Defendant's failure to disclose the transcript was not

"harmless" under FED. R. CIV. P. 37(c). But as the Court has already noted, the parties stipulated

that Rule 1-074 NMRA applied to discovery procedure in this case. Plaintiff's claim of prejudice

would be well-taken under Rule 37(c), but since Rule 1-074 allows supplementation at any time,

the fact that the transcript was produced after Plaintiff filed its Statement of Issues is of no

import.

The Court also rejects Plaintiff's contention that supplementation would violate 47

U.S.C. § 332(c)(7)(B)(v). True, that statute requires this Court to hear Plaintiff's claims on an

"expedited basis." But Plaintiff has conceded that it does not oppose Defendant's Motion to

Supplement insofar as the transcript may be used for dispositive motions on Plaintiff's Federal

law claims. *See* Response at 9 ("[a]n appropriate sanction is to disallow the use of the transcript

in the NMRA 1-074 briefing, but allow its use in dispositive motions regarding the

Telecommunications Act.").

Moreover, Plaintiff's claim of prejudice is self-inflicted: 47 U.S.C. § 332(c)(7)(B)(iii)

and N.M. STAT. ANN. § 39-3-1.1 (West 2013) both provide for "substantial basis" review of local

zoning board decisions. Plaintiff elected to submit a statement of issues in support of its

supplemental state law claim prior to the deadline for filing dispositive motions on Federal law

claims. *See* JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY,

Doc. No. 37. Thus, Plaintiff's claim of prejudice stems not from Defendant's tardy production of the transcript but from Plaintiff's voluntary stipulation that it would file a Statement of Issues according to the deadlines set forward in Rule 1-074 NMRA, not the Federal Rules of Civil Procedure or a Rule 16 scheduling order, which called for the submission of pretrial motions by November 15, 2014. *See* STIPULATED ORDER (Doc. No. 38).

Plaintiff says "[t]he new transcript is 36 pages and raises many issues AT&T needs to address. AT&T has already faced difficulty in discussing all relevant issues within the confines of the NMRA 1-074 page limitations." Response at 10. This argument verges on the frivolous because Plaintiff has had ample opportunity to brief the supplemental information. After the transcript was produced, Plaintiff filed two motions for summary judgment: (1) MOTION FOR SUMMARY JUDGMENT REGARDING 47 U.S.C. § 332(C)(7)(B)(I)(II), 47 U.S.C. § 332(C)(7)(B)(III), AND 47 U.S.C. § 332 (C)(7)(B)(IV): EFFECTIVE PROHIBITION; SUBSTANTIAL EVIDENCE; HEALTH EFFECTS (Doc. No. 56) and (2) MOTION FOR SUMMARY JUDGMENT ON TELECOMMUNICATIONS ACT, 47 U.S.C. § 332(C)(7)(B)(I)(I): UNREASONABLE DISCRIMINATION (Doc. No. 57).

In other words, Plaintiff has helped itself to three opportunities to brief dispositive legal issues in this case by separately briefing its appeal under New Mexico law and filing two separate motions for summary judgment on its claims under Federal law. Far from respecting page limitations, Plaintiff has actively flouted them. *See* D.N.M.LR-Civ. 7.5 ("The length of a motion…and supporting brief[] must not exceed twenty-seven double-spaced pages."). Instead of filing a motion for summary judgment that complies with local rules or seeking leave of the Court to file a motion in excess of these limitations, Plaintiff has submitted a sum total of 70

pages of briefing on its own initiative, 43 of which were filed after Defendant disclosed the

hearing transcript.

## CONCLUSION

The Court finds that Defendant mistakenly or erroneously omitted the transcript of the

Bernalillo County Commission meeting from the record on appeal. The Court will therefore

permit supplementation of the record with the transcript under Rule 1-074 NMRA. In order to

allow the Plaintiff an opportunity to address the content of the transcript, the Court also will deny

without prejudice Plaintiff's two pending motions for summary judgment and will allow Plaintiff

to re-file a single motion, not to exceed 27 pages, on all its claims by December 15, 2014.

IT IS ORDERED THAT:

(1) Defendant's Motion to Supplement (Doc. No. 49) is GRANTED; and

(2) Plaintiff's pending motions for summary judgment (Doc Nos. 56 and 57) are

DENIED without prejudice. Plaintiff may re-file a single motion for summary

judgment not to exceed the page limits in D.N.M.LR-Civ 7.5 by December 15, 2014.

_____

SENIOR UNITED STATES DISTRICT JUDGE