IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW CINGULAR WIRELESS PCS, LLC,

    Plaintiff,

vs.                                                                No. 1:13-CV-01056-JAP-SMV

COUNTY OF BERNALILLO,
NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

        This case stems from Plaintiff New Cingular Wireless PCS, LLC, a/k/a AT&T's application for a "special use permit" to construct a telecommunications facility at 12057 North Highway 14 in Cedar Crest, New Mexico. The Bernalillo County Planning Commission denied the application, and the Bernalillo County Commission affirmed that decision. So AT&T sued Bernalillo County, alleging the denial violated state law and a section of the Telecommunications Act of 1996 ("TCA") governing the provision of mobile services, 47 U.S.C. § 332.

        Before this Court ruled on pending cross-motions for summary judgment, the parties announced that they had reached a conditional settlement of the case. In a STIPULATED ORDER (Doc. No. 89) ("Stipulated Order"), the parties agreed to remand this case to the Bernalillo County Commission ("County Commission").[1] Under the settlement agreement, after remand the County Commission would consider a revised application to construct a telecommunications facility at the same location. The Stipulated Order states that AT&T will dismiss the case if the County Commission approved the revised application and the necessary government approvals are obtained. The Stipulated Order states that "if the revised plans and

---

[1] The County Commission hears appeals from decisions by the Bernalillo County Planning Commission.

1

variance are not approved, the matter will be set for hearing and decision by the Court." Stipulated Order at 2. On March 16, 2015, the Bernalillo County Commission approved AT&T's revised application, subject to several conditions. *See* Doc. No. 94-2 at 2.

On April 24, 2015, this Court entered an ORDER TO SHOW CAUSE (Doc. No. 93) ("Show Cause Order"). In the Show Cause Order, the Court expressed concern that the County Commission's conditional approval of AT&T's revised application had mooted Plaintiff's claims, thus depriving the Court of subject matter jurisdiction over Plaintiff's complaint. On May 1, 2015, AT&T, Bernalillo County, and Murray Kelly, a would-be intervenor in this case, filed responses to the Court's Show Cause Order. *See* Doc. Nos. 94, 95 & 96.

After considering the parties' responses to the Show Cause Order, the Court concludes that intervening events have mooted the claims in AT&T's complaint. Accordingly, the Court will dismiss AT&T's complaint without prejudice.

**I.      Background**

     A.      <u>AT&T's March, 2013 application for a special use permit</u>

On May 23, 2013, Plaintiff applied for a "special use permit" to construct a telecommunications facility at 12057 North Highway 14, Cedar Crest, NM 87047. AR 5–6.[2] The proposed facility was an 85 feet tall "faux pine tree" with accompanying equipment cabinets surrounded by an 8 feet high cinderblock wall. *Id.* The land where AT&T wanted to build the facility is zoned M-H. AR 5.[3]

---

[2] The Court will employ the County Commission's designations of the administrative record because the parties cite the County's designations in their briefing. The administrative record is located at Doc. No. 35 and its attachments.
[3] "M-H" means "mobile home and single-family residential zone," which is described in Section 11 of the Zoning Code. That Section permits any use that would otherwise be permitted in R-1 zones. BERNALILLO CNTY., NEW MEXICO, CODE app. A § 11(B)(2)(a) (2004). Zone R-1, in turn, provides for the construction of wireless telecommunications facilities under Section 22.5. *See id.* § 9(B)(2)(j).

The Bernalillo County Planning Commission held a hearing on Plaintiff's application on August 7, 2013. *Id.* Prior to the hearing, Defendant received numerous letters and a petition from area residents expressing opposition to AT&T's proposed facility. Community opposition broke down along four separate lines: the aesthetic effect of the tower, the tower's effect on the value of nearby properties, the health effects of radio frequency transmissions from the tower, and assertions that cell reception in that area was already adequate. *See* AR 50–87.

On July 30, 2013, prior to the scheduled hearing, Defendant's employee Nick Hamm informed Plaintiff that its application for a special use permit was incomplete because it omitted information necessary to determine the application's compliance with the Zoning Code, such as the distance between the tower site and Highway 14. AR 66. AT&T's representative told Mr. Hamm that the Planning Commission would need to defer consideration of AT&T's application in order to allow AT&T sufficient time to cure the defects. *Id.* At the hearing on August 7, Plaintiff asked for a deferral, and Mr. Hamm concurred, saying that Bernalillo County staff recommended that the application be deferred for 30 days because "the applicant should be afforded an opportunity to furnish a complete application." AR 204; 233–34.

Mr. Hamm identified the deficient aspects of the application, but cautioned that the deficiencies did not necessarily mean the proposed site failed to comply with Bernalillo County zoning requirements; rather, the application simply did not disclose enough information to determine compliance. AR 204. Mr. Hamm noted that the only definitive conclusion that could be reached at that time was that Plaintiff had failed to garner substantial community support for the tower. *Id.*

The Planning Commission indicated an initial willingness to grant a deferral; indeed, it deferred consideration of an application Plaintiff had made to construct a tower in the vicinity

that was not as vigorously opposed by community members. AR 194. The Planning Commission acknowledged that it was its general practice to "give the applicant a chance to present all the information that we do need[.]" AR 234. However, several interested parties spoke about their opposition to the application and opposed deferral because they believed that Plaintiff would never be able to obtain community support for the tower. *See*, *e.g.*, AR 214 ("grant[ing] a deferral in my mind seems to ignore the bottom line, which is the community will not support this."). They also believed that Plaintiff had been afforded sufficient time to cure defects in its application, and that it should not be allowed to defer the hearing when community members had traveled to oppose the application.

      The Planning Commission denied AT&T's request for a deferral. It then went on to hear evidence on the merits of AT&T's application. After hearing testimony from community members that largely mirrored the concerns expressed in letters to the County, the Planning Commission denied the application. Planning Commission member Linda Barbour stated that the aesthetic effect of the tower, the uniform community opposition, and the specific deficiencies in the application would form the basis of the denial. *See* AR 235–37. On August 9, 2013, the Planning Commission sent AT&T a written decision which stated the following reasons for denying AT&T's application:

    (1)    The tower could not "be architecturally integrated or located to avoid a noticeable silhouette of a wireless telecommunications facility as required by Section 22.5 A.11 of the Bernalillo County Zoning Code[;]"

    (2)    There was no "substantial neighborhood support" for the tower as required by Section 18(B)(32) of the Bernalillo County Zoning Code;

    (3)    There were no "changed neighborhood conditions that would justify a change in land use where the area has remained as agricultural and residential[;]"

    (4)    There was no error in the zone map that would justify a change in zoning nor would the tower be "advantageous to the surrounding area[;]"

    (5)    The existing zoning designation was not inappropriate; and

    (6)    The proposed tower "may be detrimental to the public interest, health, safety, and general welfare of the area."

AR 88–89.

AT&T appealed the decision to the Bernalillo County Commission. AR 120. The Board of County Commissioners heard additional testimony from AT&T's representative and neighborhood members opposed to the facility. After hearing the evidence, the County Commission dismissed AT&T's appeal. The County Commission's written decision reiterated the Planning Commission's reasons for denying the application and added one further reason: "The proposed Wireless Telecommunications Facility does not meet the required 1/8th mile setback distance to the edge of right of way North Highway 14, an established View Corridor, as required by Section 22.5 of the Bernalillo County Zoning Code." ROA 331.

    B.    <u>AT&T's complaint and the parties' pending motions for summary judgment</u>

AT&T's Complaint (Doc. No. 1) alleges that Defendant Bernalillo County's denial of AT&T's application to construct a wireless telecommunications facility (1) "prohibits or has the effect of prohibiting the provision of personal wireless services" in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II) (the "effective prohibition claim"); (2) was unsupported by substantial evidence in violation of 47 U.S.C. § 332(c)(7)(B)(iii) and 1978 N.M.S.A, Section 39-3-1.1(D)(2) (the "substantial evidence claim"); (3) was illegal under applicable law in violation of 1978

N.M.S.A, Section 39-3-1.1(D)(3); and (4) was arbitrary and capricious in violation of 1978 N.M.S.A, Section § 39-3-1.1(D)(1).

On November 14, 2014, Bernalillo County filed DEFENDANT BERNALILLO COUNTY'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 58). Bernalillo County argued that it was entitled to summary judgment on AT&T"s effective prohibition claim because there was no evidence that: (1) the County had a blanket prohibition on the construction of wireless telecommunications facilities, (2) the area was not already covered by other wireless providers, or (3) AT&T even had a gap in its own service in the area. *See* Doc. No. 58 at 19–22. Bernalillo County also argued it was entitled to summary judgment on AT&T's effective prohibition claim because there was no evidence that AT&T had made a good faith effort to evaluate less intrusive alternatives to the proposed facility. *See* Doc. No. 58 at 21.

Bernalillo County next argued that it was entitled to summary judgment on AT&T's substantial evidence claim because, among other things, each of the County's conclusions that the wireless telecommunications facility violated the Bernalillo County Zoning Code (BCZC) was supported by substantial evidence in the administrative record, and AT&T had forfeited various arguments attacking the legality of the decision under the zoning code by pursuing a special use permit instead of a variance. Doc. No. 58 at 25.

On December 15, 2014, AT&T filed PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING THE TELECOMMUNICATIONS ACT (Doc. No. 81). AT&T argued that it was entitled to summary judgment on its effective prohibition claim because it had produced ample evidence that it had a "significant gap in coverage" in the area to be served by the proposed wireless telecommunications facility and that it had made a good faith investigation in the possibility of colocation (i.e., leasing space in a competitor's wireless telecommunications

facility) or building its facility on some existing tall structure. Doc. No. 81 at 12, 15–16. In its motion for summary judgment AT&T also argued that the County had erroneously applied requirements for "unconcealed" facilities to its application instead of the standards governing "concealed" facilities and that the County's conclusion that the facility was not 1/8 of a mile away from Highway 14 was erroneous. Doc. No. 81 at 22–23.

   C. <u>The settlement agreement, the County Commission's approval of AT&T's revised application, and Murray Kelly's motion to intervene</u>

After engaging in mediation, AT&T and Bernalillo County entered into a settlement agreement. Under the agreement, the parties agreed to return the case to the Bernalillo County Commission in order for it to consider a modified proposal. *See* Doc No. 89. The Stipulated Order states that AT&T would dismiss its claims with prejudice after the Commission approved its modified proposal and after AT&T received any other necessary permits or permissions. *Id.*

AT&T's modified proposal differs from the original proposal in two key respects: First, the proposal lowered the height of the tower from 85 feet to 80 feet. Doc. No. 94-1 at 2. Second, the revised application recognized that the proposed tower could not comply with the BCZC's requirement that wireless telecommunications towers be placed at least 85 feet from neighboring properties and the BCZC's requirement that such facilities be at least 660 feet away from Highway 14. *See* Agenda Packet for 3/3/2015 Bernalillo County Commission Meeting at 138–139, *available at* http://bernalillocountynm.iqm2.com/Citizens/FileOpen.aspx?Type=1&ID=1320&Inline=True (AT&T's written statement in support of a variance) ("The need for a variance in this case is based on the Planning Department Staff's interpretation of the Zoning Code, which mandates that the tower stand at least 1/8 mile (660 feet) away from the western border of Highway 14…. Only if AT&T receives the requested

7

variance from the setback distance on the edge of the Baldonado property (reducing the setback requirement on the western property line to 34 feet 3 inches, from the 85 [feet] setback requirement), can it meet the 660 [feet] setback from Highway 14 *and* satisfy all the other criteria for successful construction and operation of the proposed tower." (emphasis original)).

After hearing arguments for and against the modified proposal, the Bernalillo County Commission approved AT&T's submission and issued a special use permit which granted AT&T a variance from the Zoning Code's requirement that the tower be at least 80 feet from neighboring properties. *See* Doc. No. 94-1 at 2.

Murray Kelly owns property near the site of the proposed tower. He has filed an action in New Mexico state court challenging the County Commission's approval decision. He has also filed a MOTION TO INTERVENE AND NOTICE OF APPEAL (Motion to Intervene) (Doc. No. 90). Mr. Kelly wants to intervene in this action and assert claims against Bernalillo County that are essentially duplicative of the claims Mr. Kelly raises in the state court action. Both AT&T and Bernalillo County do not oppose the Motion to Intervene.

## II.     Legal standard

"[A] live case or controversy is a constitutional prerequisite to federal jurisdiction." *Fletcher v. United States*, 116 F.3d 1315, 1321 (10th Cir. 1997) (citing *In re Texas Int'l Corp.*, 974 F.2d 1246, 1247 (10th Cir. 1992)). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "[A] case properly brought in the first instance only becomes moot where 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Bldg. and Const. Dept. v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1491 (10th Cir 1993) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). "[N]o

action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant[.]" *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

### III.     Discussion

In their responses to the Order to Show Cause, AT&T and Bernalillo County first argue that the Stipulated Order only obliges AT&T to dismiss its claims against Bernalillo County when Bernalillo County provides AT&T with the contingent relief mentioned in the Stipulated Order: namely, "all necessary approvals to construct its facility." Doc. No. 94 at 2. AT&T contends that the following conditions must be satisfied before this case becomes moot: (1) Bernalillo County must approve AT&T's grading and drainage plan for the tower site; (2) the Zoning Administrator must approve of a revised "site development plan" for the tower site; and (3) the County must issue an "actual building permit" for the tower facility. Doc. No. 94 at 2–3.

But this argument conflates AT&T's duty to dismiss its claims against Bernalillo County when contingent events occur with this Court's "affirmative duty to look into its jurisdiction[.]" *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). The question is not whether conditions in the settlement agreement have been satisfied, but whether the County Commission's approval of AT&T's modified application "completely and irrevocably eradicated the effects of [Bernalillo County's] alleged violation[s]" of the Telecommunications Act and New Mexico law. *Bldg. and Const. Dept.*, *supra*.

AT&T's revised application and the County Commission's approval of it have for all practical purposes superseded AT&T's original claims against the County. First, there is no longer any "adverse[]…final action or failure to act by a State or local government" that could form the basis for a claim against the County for violating 47 U.S.C. § 332(c)(7)(B). The same

logic applies to AT&T's state law claims, since AT&T is no longer "aggrieved" by the County Commission's decision. *See* 1978 N.M.S.A. § 39-3-1.1(C).

The fact that there may be some adverse final action *in the future* reads the word "final" out of 47 U.S.C. § 332(c)(7)(B) and 1978 N.M.S.A., Section 39-3-1.1. To be sure, it is possible that Bernalillo County will reject AT&T's grading and drainage plan for the tower site, or the revised "site development plan," and may fail to issue the building permit for the site itself. But the Telecommunications Act and New Mexico law pretermit judicial review of local government decisions until they are final because it is impossible to determine the legal consequences of a event that may not come to pass. *Bennett v. Spear*, 520 U.S. 154, 178 (1997).

It is true that this Court had jurisdiction to consider AT&T's challenge to the County Commission's September 24, 2013 denial of AT&T's application to construct a wireless facility. But by settling the case and stipulating to a remand of proceedings, AT&T in essence agreed to give up its right to challenge the County Commission's earlier denial in exchange for the right to submit an improved special use permit that addressed some of the shortcomings that had been identified in AT&T's first application.

*USCOC of Greater Mo., LLC v. Cnty. of Franklin, Mo.*, 636 F.3d 927 (8th Cir. 2011) is instructive. In *USCOC*, the district court found that the county had violated the Telecommunications Act by failing to include "reasons" in its written denial of the plaintiff's zoning application. 636 F.3d at 928–29. The Court remanded the case to the defendants' Board of Zoning Appeals (BOZA) for it to issue reasons for the denial. After remand, however, the BOZA reversed course and approved the plaintiff's application. *Id.* A third party then filed a challenge to the approval in federal district court, and the case was assigned to a different judge. *Id.*

Although the BOZA had issued a conditional use permit, the County refused to sign the permit until various conditions were met and the third party challenge to the BOZA approval was decided. The plaintiff then filed a "Motion for Judgment," asking the court to (1) order the County to sign the conditional use permit, (2) consolidate the third party's challenge to the BOZA approval with the Plaintiff's TCA challenge, and (3) deny the third party's challenge on the merits. *Id.* at 929.

The district court concluded that because the BOZA approval had superseded the earlier denial, the plaintiff's claims against defendant "were directed at a decision no longer in force or effect." *Id.* at 929. The district court denied the motion for judgment and dismissed the case as moot. The third party challenger then amended its complaint to drop its federal law claims and successfully obtained an order from the district court remanding the case to state court. *Id.* The plaintiff then appealed the district court's *sua sponte* dismissal of plaintiff's complaint.

The court of appeals reversed. It held that the facts of the case

> highlight[ed] the very administrative quagmire that the TCA was enacted to avoid. Given the province of a federal court under the TCA to issue certain mandates when a party has been adversely affected by a local government's failure to act, this matter was ripe for adjudication at the time of dismissal given the local authority's failure to issue the necessary permits. Indeed, without power to mandate any and all permits contemplated by the federal claim, we would essentially perpetuate 'an end run around the requirements of the TCA and thereby allow local regulatory agencies to subvert a federal policy by elevating zoning authority over congressional policy as enacted into law via the TCA.'

*Id.* at 932 (quoting *Ogden Fire Co. No. 1 v. Upper Chichester Twp.*, 504 F.3d 370, 396 (3d Cir. 2007)). The court of appeals then issued a writ under the All Writs Act, 28 U.S.C. § 1651(a) enjoining any collateral attacks on the BOZA approval. *Id.* at 933.

The County Commission's superseding approval is nearly equivalent to the BOZA's approval in *USCOC*. Although it has arguably mooted Plaintiff's TCA claim against the County, it does not moot all of Plaintiff's claims for relief, which include any court orders necessary to ensure that the proposed telecommunications facility is built. As the *USCOC* court noted, ongoing district court jurisdiction over TCA cases is necessary to ensure that a successful plaintiff is able to speedily construct wireless infrastructure that fills gaps in coverage and not get dragged into an endless bureaucratic morass of conditional approvals. *Id.* at 932.

But *USCOC* is distinguishable on two crucial points: this Court did not find that Bernalillo County violated the TCA or New Mexico law before the case was remanded to the County Commission. And while the TCA is intended to stamp out the 'administrative quagmire' that so often results from land use applications, it is not intended completely preempt local government's primary authority over zoning and planning decisions. *See* 47 U.S.C. § 332(c)(7)(A) ("Except as provided in this paragraph, nothing in this chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities.").

Second, unlike the zoning committee in *USCOC*, the County Commission did not simply backtrack on its earlier refusal after remand and approve Plaintiff's original application; it considered and accepted a substantially modified proposal that remedied many of the alleged defects in the original application. In other words, intervening events have not merely expanded the scope of Plaintiff's requested relief, but have made the grounds for the original claim for relief irrelevant altogether.

AT&T argues that "wholly apart from the additional approvals AT&T must receive…there remains a question whether the County validly granted a special use permit and

variance on remand from the Court." Doc. No. 94 at 3. AT&T contends that Mr. Kelly's state court action and Motion to Intervene in this case demonstrate that there is an ongoing controversy and that the parties have legally cognizable interests in federal court relief—both as to the claims in AT&T's complaint and the claims in Mr. Kelly's Motion to Intervene.

It is true that granting Mr. Kelly's Motion to Intervene and ruling on the merits of his challenge to the County's approval of AT&T's modified application could "have some effect in the real world," *Citizens for Responsible Gov't State PAC v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000), in that it would determine "the present and future rights and obligations of the parties." *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1263 (10th Cir. 2004) (McConnell, J., concurring). But it would only do so *vis-à-vis* the County's approval in March 2015, not its denial in March 2013. Since this Court undeniably has no jurisdiction under the TCA to consider a local government's *approval* of AT&T's application, *see* 47 U.S.C. § 332(c)(7)(B), Mr. Kelly's challenge to that approval has no bearing on whether any adjudication of the claims in AT&T's Complaint will have an effect in the real world, and thus no bearing on whether this case is now moot.

**IV.     Conclusion**

IT IS ORDERED THAT:

(1)     Plaintiff's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE; and

(2)     Defendant-intervenor Murray Kelly's Motion to Intervene (Doc. No. 90) is DENIED AS MOOT.

_____
SENIOR UNITED STATES DISTRICT JUDGE